UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLOTTA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24CV1015  HEA |
| | ) |
| ZOLTEC, | ) |
| | ) |
| Defendant. | ) |

# **OPINION, MEMORANDUM AND ORDER**

This case filed by Plaintiff, who is proceeding *pro* se, alleges race, gender, and age discrimination, is before the Court on Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5). [Doc. No. 28] and Plaintiff's Motion for Appointment of Counsel, [Doc. No. 24] For the reasons stated below, Defendant's Motion is granted. Plaintiff's Motion is denied.

Plaintiff filed her original Complaint in this matter on July 24, 2024. Plaintiff has filed several "supplements" to her Complaint, none of which appear to be related to her discrimination claims, from what the Court can gather from the filings.

Plaintiff's Motion to Proceed *In Forma Pauperis* was denied without prejudice on August 22, 2024. Plaintiff subsequently paid the Court's filing fee.

On January 24, 2025, Plaintiff filed a Proof of Service executed by a Special Process Server, wherein the process server declares under penalty of perjury that he left the summons with Defendant's Corporate Trainer, with the indication that the summons was left at an individual's residence or usual place of abode and mailed a copy to the individual's last known address.

On February 1, 2025, Defendant filed the Motion to Dismiss now before the Court seeking dismissal without prejudice for insufficient service of process. Defendant argues that it has not been properly served as required by Federal Rule of Civil Procedure 4 because it did not receive a copy of the Complaint with the Summons.

In her Response to the Motion to Dismiss, Plaintiff fails to provide any indication that she did serve Defendant in accordance with the Federal Rules. She merely states she wishes to proceed with her case and that she is waiting for the Court to appoint an attorney for her. This filing provides no argument and cites no authorities addressing the adequacy of Plaintiff's service on Defendant. In a Reply filed April 3, 2025, Defendant points out the deficiency of Plaintiff's response and reiterates the insufficiency of her service of process. The Court agrees that Defendant has not been properly served.

The Court first points out that a litigant's *pro se* status alone does not constitute good cause for failure to comply with rules of procedural or substantive

law or orders of the Court. *United States v. Green*, 691 F.3d 960, 966 (8th Cir. 2012) ("The right of self-representation is not a license not to comply with relevant rules of procedural and substantive law, and [a litigant's] pro se status alone does not constitute good cause [for non-compliance]." (internal quotation marks and citations omitted)); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."). Thus, Plaintiff's *pro se* status does not excuse her from compliance with applicable rules for service of process.

Federal Rule of Civil Procedure 12(b)(5) provides for a pre-answer motion to dismiss for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993). "In reviewing an order to dismiss for insufficient service of process, [the court of appeals] review[s] de novo the determination that service of process was insufficient and [it] review[s] for abuse of discretion the decision to dismiss the complaint." *Marshall v. Warwick*, 155 F.3d 1027, 1030 (8th Cir. 1998). Federal Rule of Civil Procedure 4 states the requirements for proper service. Fed. R. Civ. P. 4.; *Williams v. RD Indus. Inc.*, No. 8:24CV355, 2025 WL 1167836, at *1–3 (D. Neb. Apr. 22, 2025), citing *Stephenson v. Bruno*, No. 4:14CV3097, 2015 WL 505550, at *4 (D. Neb. Feb. 6, 2015) ("A motion to dismiss pursuant to Federal

Rule of Civil Procedure 12(b)(5) requires a defendant to demonstrate that the plaintiff failed to follow the procedures set forth in Federal Rule of Civil Procedure 4.").

Service of process in this case was "insufficient," Fed. R. Civ. P. 12(b)(5), because Defendant has met its burden to show that Plaintiff failed to meet the requirements of Rule 4. *Williams*, 2025 WL 1167836 at *2. "A summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Plaintiff has pointed to no evidence that her private process server included a copy of the Complaint with the summons purportedly served on Defendant, while Defendant has shown by the declaration of Mark Miko that the summons it received had no copy of the Complaint accompanying it

Rule 4 includes further requirements that Defendant also failed to satisfy. Rule 4(h) provides for service on a corporation—like Defendant—either in the same manner prescribed by Rule 4(e)(1) for serving an individual or by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h). There is no indication that Defendant sent the summons to "an officer, a managing or general agent, or any other authorized agent." Fed. R. Civ. P. 4(h)(1)(B). The alternative of

serving a corporation in the same manner as an individual under Rule 4(e)(1), see Fed. R. Civ. P. 4(h)(1)(A), permits service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). There is nothing presented by Plaintiff to establish she attempted alternative service.

    Accordingly, service of process on Defendant was insufficient.

    IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint is granted, and this case is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(5).

    Dated this 10th day of July, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE